IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02263-BNB

PETER GEORGACARAKOS,

    Applicant,

v.

CHARLES DANIELS,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2011

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant, Peter Georgacarakos, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. Mr. Georgacarakos has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) challenging the validity of his conviction and sentence. On September 6, 2011, Magistrate Judge Boyd N. Boland entered an order directing Mr. Georgacarakos to show cause why this action should not be dismissed because he has an adequate and effective remedy for his claims pursuant to 28 U.S.C. § 2255 in the sentencing court. On September 16, 2011, Mr. Georgacarakos filed a document titled "Showing of Cause" (Doc. #3) in response to Magistrate Judge Boland's show cause order.

The Court must construe the application and other papers filed by Mr. Georgacarakos liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Georgacarakos was convicted of second degree murder in the United States District Court for the Middle District of Pennsylvania. The judgment of conviction was affirmed on direct appeal, but the sentence to life in prison was vacated and the matter was remanded for resentencing. See *United States v. Georgacarakos*, 138 F. App'x 407 (3d Cir. 2005). On remand, Mr. Georgacarakos was resentenced to 360 months in prison and that sentence was affirmed in a subsequent appeal. See *United States v. Georgacarakos*, 229 F. App'x 189 (3d Cir. 2007). Mr. Georgacarakos claims in the instant action that his conviction and the resulting sentence are invalid because the statute of limitations for second degree murder expired before he was indicted in the Middle District of Pennsylvania criminal case. Mr. Georgacarakos raised this statute of limitations claim in the sentencing court in a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and he has attached to the application a copy of the sentencing court's order construing the statute of limitations claim as a claim challenging the underlying conviction under § 2255 and denying the motion. (*See* Doc. #1 at 9-18.) The sentencing court determined that the statute of limitations claim could not be raised in an unauthorized second or successive § 2255 motion, should have been raised on direct appeal, and, to the extent the claim could be considered proper and timely, had been waived because Mr. Georgacarakos requested the lesser charge of second degree murder following his timely indictment on a charge of first degree murder. (*See id.* at 14-17.)

2

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. However, "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." ***Sines v. Wilner***, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").

Mr. Georgacarakos attempts to characterize his claim in this action as a claim challenging the execution of his sentence because, according to him, the fact that the

statute of limitations for second degree murder expired before he was indicted means the BOP lacks authority to hold him in custody. Magistrate Judge Boland rejected this argument in the order to show cause. Mr. Georgacarakos' entire response to the order to show cause is the following:

> Jurisdiction is jurisdiction is jurisdiction. The rest is rhetoric. If the courts lacked jurisdiction to convict and sentence Petitioner, then the B.O.P. lacks jurisdiction to hold him. If the original court refuses to even acknowledge the jurisdictional limitation established in this circuit, then section 2255 is ineffective and inadequate and a section 2241 challenge is necessary and appropriate.

(Doc. #3 at 1.)

The Court does not agree with Mr. Georgacarakos' argument that he is challenging the execution of his sentence. As Mr. Georgacarakos apparently concedes, his statute of limitations claim is premised on an asserted lack of jurisdiction in the trial court over his criminal case. Therefore, the Court finds that the statute of limitations claim challenges the validity of his conviction and sentence and must be raised in the sentencing court pursuant to § 2255 unless that remedy is inadequate or ineffective.

The Court also does not agree with Mr. Georgacarakos' contention that he may raise his statute of limitations claim in this Court in a habeas corpus action pursuant to § 2241 because "the original court refuses to even acknowledge the jurisdictional limitation established in this circuit." (*Id.*) As noted above, Mr. Georgacarakos actually raised the statute of limitations claim in the sentencing court and the sentencing court, while noting that the claim should have been raised on direct appeal and could not be raised in a second or successive § 2255 motion, also determined the claim lacks substantive merit because Mr. Georgacarakos had requested the lesser charge of

second degree murder after being timely indicted on the charge of first degree murder. As a result, it is not clear what Mr. Georgacarakos means when he asserts that the sentencing court refuses to acknowledge the jurisdictional limitation. In any event, the fact that Mr. Georgacarakos has been denied relief in the sentencing court does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, even if the sentencing court erroneously rejected the statute of limitations claim, Mr. Georgacarakos still can not demonstrate that the remedy available under § 2255 is inadequate or ineffective because he could have appealed the unfavorable decision. *See Sines*, 609 F.3d at 1073.

For these reasons, the Court finds that Mr. Georgacarakos fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. As a result, the instant action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.

DATED at Denver, Colorado, this __13th__ day of __October__, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   11-cv-02263-BNB

Peter Georgacarakos
Reg No. 03029-036
USP - Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on October 13, 2011.

                                         GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                       Deputy Clerk